# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| US FOODS, INC., a Delaware corporation, | ) |
| Plaintiff, | ) |
| | ) Case No. 22-cv-06759 |
| vs. | ) |
| | ) |
| THE TURKEY LEG HUT & COMPANY LLC, a Texas limited liability company, and NAKIA PRICE, an individual, | ) JURY DEMANDED |
| Defendants. | ) |

## COMPLAINT

Plaintiff, US Foods, Inc. ("US Foods"), by and through its undersigned counsel, for its Complaint against Defendants, The Turkey Leg Hut & Company LLC ("Turkey Leg") and Nakia Price ("Price"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action because US Foods' claims for relief (the "PACA Claims") pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499(e), and the implementing regulations of the U.S. Department of Agriculture ("USDA"), 7 C.F.R. § 46.1 *et seq.*, present a federal question pursuant to 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all state law claims asserted herein because such claims are so related to the PACA Claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because, on information and belief the sole member of Turkey Leg is domiciled and resides in Texas, Plaintiff

is a Delaware corporation with its principal place of business in Illinois, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the transactions giving rise to Plaintiff's claims occurred within this district. Further, Defendants agreed to venue in Illinois in the controlling contracts.

**THE PARTIES**

5. Plaintiff US Foods is a Delaware corporation with its principal place of business at 9399 West Higgins Road, Suite 600, Rosemont, Illinois 60018. US Foods is one of America's leading foodservice distributors to restaurants, healthcare and hospitality facilities, government operations and educational institutions across the country.

6. US Foods is engaged in the business of selling and shipping perishable agricultural commodities ("Produce"), as well as other non-PACA food and food-related products and services, in interstate and foreign commerce. US Foods holds a PACA license issued by the USDA.

7. Defendant Turkey Leg is registered as a Texas limited liability company with its principal place of business located in Houston, Texas. At all relevant times, Turkey Leg was engaged in the business of buying and selling Produce in interstate commerce and was a dealer of Produce subject to the provisions of PACA.

8. Defendant Price is an individual residing in Texas. Price is the owner and managing member of Turkey Leg, and in control of the business, finances and assets of Turkey Leg. Price is also in a position of control over the PACA trust assets belonging to US Foods.

**GENERAL ALLEGATIONS**

9. Beginning in September 2020, US Foods supplied certain Produce, as well as various other non-PACA food and food-related products and services to Turkey Leg.

10. In connection with those transactions, Turkey Leg executed a Customer Account Application under which US Foods agreed to supply it with Produce, other non-PACA foods, and food-related products and services in exchange for timely payment of invoices. A true and correct copy of Turkey Leg's Customer Account Application is attached hereto and incorporated herein as Exhibit A (the "Turkey Leg Customer Agreement").

11. US Foods supplied Turkey Leg with Produce, other non-PACA foods and food-related products and services by shipping to various locations, as directed by Turkey Leg.

12. Turkey Leg agreed to be bound by the terms of the Turkey Leg Customer Agreement, invoices, and other documents furnished by US Foods, and to pay all charges set forth on each invoice pursuant to the credit terms on the invoices. (Ex. A at ¶¶ 2, 4).

13. Turkey Leg agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Turkey Leg Customer Agreement. (*Id.* at ¶ 4).

14. Turkey Leg also agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (*Id.*).

15. A UCC Financing Statement was filed with the Texas Secretary of State on November 11, 2020, granting US Foods a security interest in all of Turkey Leg's personal property, including but not limited to its "accounts, goods, inventory, equipment, fixtures and vehicles, together with the proceeds of any of them." A true and correct copy of the UCC Financing Statement is attached hereto and incorporated herein as Exhibit B.

16. From May 2022 through September 2022, Turkey Leg ordered, and US Foods sold, shipped, and delivered Produce to Turkey Leg.

17. Turkey Leg accepted said Produce from US Foods.

18. In connection with each of these Produce transactions, US Foods submitted invoices detailing the Produce sold, amounts owed, and the payment terms.

19. Turkey Leg has failed to pay US Foods $85,106.17 for Produce sold. A true and correct summary of all unpaid invoices for Produce sold to Turkey Leg is attached hereto as Exhibit C (the "PACA Report").

20. Also, in accordance with § 499e(c)(4) of PACA, the invoices for Produce sold to Turkey Leg contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

An example of an invoice for Produce sold to Turkey Leg containing this language is attached hereto as Exhibit D.

21. As of the date of this Complaint, Turkey Leg owes US Foods $85,106.17 for Produce sold within the meaning of PACA. (*See* Ex. C).

22. In addition to Produce, Turkey Leg ordered, received, and accepted delivery of non-PACA food and food-related products and services from US Foods.

23. US Foods performed all of its obligations to Turkey Leg by supplying Turkey Leg with the purchased non-PACA food and food-related products and services.

24. US Foods submitted invoices to Turkey Leg for the non-PACA food and food-related products and services supplied by US Foods.

25. As of the date of this Complaint, Turkey Leg owes US Foods $1,288,583.12 in unpaid invoices for non-PACA food and food-related products and services accrued pursuant to

4

the Turkey Leg Customer Agreement, exclusive of interest, costs and fees. A true and correct copy of an accounting of all amounts owed by Turkey Leg (the "Accounting"), is attached hereto and incorporated herein as Exhibit E.

26. On June 30, 2022, US Foods sent to Defendants its *Notice of Intent to Preserve and Enforce Trust Benefits Under the Perishable Agricultural Commodities* (the "PACA Notice"), pursuant to which US Foods (i) notified Defendants of their intent to preserve trust benefits under PACA on account of unpaid invoices for the Produce; and (ii) notified Defendants of the defaults under the Turkey Leg Customer Agreement for failure to timely pay invoices and demanded payment in full of all amounts due and owing. A true and correct copy of US Foods' PACA Notice is attached hereto and incorporated herein as Exhibit F.

27. Defendants did not respond to US Foods' PACA Notice, nor have Defendants made payments of the amounts due and owing.

28. As of the date of the filing of this Complaint, US Foods has not received payment for the amounts owed.

29. On September 15, 2022, US Foods sent a letter to Defendants notifying them of the defaults and demanding payment in full of all amounts due and owing. A true and correct copy of US Foods' demand letter is attached hereto and incorporated herein as Exhibit G.

30. However, Defendants did not respond to US Foods' letter, nor has Turkey Leg made payments of the amounts due and owing.

31. The Turkey Leg Customer Agreement includes a personal guaranty executed by Price (the "Guaranty") (Ex. A at p. 5).

32. Pursuant to the Guaranty, Price "personally and unconditionally" guaranteed payment of all amounts then owing, and thereafter owed by Turkey Leg to US Foods. (*Id*.). Further,

in the event of a default by Turkey Leg, US Foods has the right to proceed directly against Price without first exhausting other remedies. (Ex. A at p. 5).

33. Price agreed to pay 1.5% interest per month on all amounts owed under the Guaranty, and to pay all costs, expenses and fees, including reasonable attorneys' fees and expenses, incurred by US Foods in enforcing the Guaranty. (*Id.*).

**COUNT I**
**ENFORCEMENT OF PACA TRUST – TURKEY LEG**

34. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

35. At all relevant times herein, US Foods was engaged in the business of selling and shipping perishable agricultural commodities (i.e., the Produce), as defined by PACA.

36. US Foods is and was at all times pertinent a licensee under PACA.

37. The Produce that is the subject of this action was purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

38. Pursuant to § 499e(c)(4) of PACA, each of the invoices submitted to Turkey Leg by US Foods for Produce sold to Turkey Leg contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

39. Upon delivery of its invoices for Produce to Turkey Leg, US Foods became the beneficiary of a floating, non-segregated statutory trust on all of the Produce, and any receivables or proceeds from the sale of such Produce or products or assets derived therefrom.

40. US Foods has performed and fulfilled all duties required to preserve its PACA trust benefits in the total amount of $85,106.17, plus interest and reasonable attorneys' fees, in all PACA trust assets under the control of or in the possession of Turkey Leg.

41. Turkey Leg is the statutory trustee of the PACA trust assets in its possession or under its control.

42. The PACA trust requires Turkey Leg to hold and preserve all goods, inventories, proceeds and receivables in trust for the benefit of US Foods until full payment has been made to US Foods.

43. US Foods is informed and believes and on that basis alleges that during times relevant herein, Turkey Leg has failed to maintain the trust assets and keep them available to satisfy Turkey Leg's obligations to US Foods in violation of its statutory duty to preserve the trust assets for the benefit of US Foods under § 499(b)(4) of PACA and the regulations enforcing the PACA trust provisions, 7 C.F.R. § 46.46.

44. As a direct and proximate cause and result of the wrongful acts and omissions of Turkey Leg, US Foods has suffered losses in the amount of $85,106.17, plus interest and attorneys' fees, all of which qualify for protection under the PACA trust.

**WHEREFORE**, pursuant to the foregoing, Plaintiff respectfully requests:

(i) an order requiring Turkey Leg to segregate PACA trust assets in the amount of $85,106.17, plus interest and attorneys' fees;

(ii) that judgment be entered in its favor and against Turkey Leg in such amount to be determined at trial, but no less than $85,106.17, plus pre- and post-judgment interest, costs and fees; and

(iii) that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

## COUNT II
## BREACH OF CONTRACT – TURKEY LEG

45. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

46. The Turkey Leg Customer Agreement is also a valid and enforceable contract between US Foods and Turkey Leg.

47. Turkey Leg agreed to abide by the terms of the Turkey Leg Customer Agreement and invoices under which US Foods supplied non-PACA goods and services to Turkey Leg. (Ex. A).

48. Turkey Leg also agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Turkey Leg Customer Agreement. (Ex. A, ¶ 4).

49. Turkey Leg further agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (*Id.*, at ¶ 4).

50. US Foods fully performed its obligations, including supplying all required non-PACA goods and services.

51. Turkey Leg accepted all non-PACA goods and services supplied by US Foods.

52. US Foods submitted invoices to Turkey Leg on the various dates described in the Accounting for the non-PACA goods and services supplied under the Turkey Leg Customer Agreement. (*See* Ex. E).

53. Turkey Leg failed to pay US Foods the outstanding balance owed.

54. Turkey Leg's failure to pay US Foods constitutes a material breach of the Turkey Leg Customer Agreement, and the invoices.

55. As a direct and proximate result of Turkey Leg's breaches, US Foods has suffered damages.

56. The total amount currently due and owing from Turkey Leg under the Turkey Leg Customer Agreement is $1,288,583.12, exclusive of interest, costs, and fees. (*See* Ex. E).

**WHEREFORE**, pursuant to the foregoing, Plaintiff respectfully requests:

(i) that judgment be entered in its favor and against Turkey Leg in such amount to be determined at trial, but no less than $1,288,583.12, plus pre- and post-judgment interest, costs and fees; and

(ii) that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

## COUNT III
## ACCOUNT STATED – TURKEY LEG
### (In the alternative to Count II)

57. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

58. Before the institution of this action, US Foods and Turkey Leg had an ongoing business relationship pursuant to which Turkey Leg ordered and US Foods supplied non-PACA goods and services.

59. The parties' business relationship is evidenced by the invoices US Foods submitted to Turkey Leg for the non-PACA food-related goods and services supplied by US Foods to Turkey Leg.

60. The invoices were delivered to Turkey Leg in accordance with US Foods' normal accounting procedures.

61. The parties agreed on the balances of the amounts due and owing for said non-PACA goods and services, and Turkey Leg promised to pay that balance upon issuance of invoices by US Foods.

62. US Foods rendered invoices to Turkey Leg for the delivery of said non-PACA goods and services to which Turkey Leg did not object. Specifically, US Foods issued invoices to Turkey Leg on the various dates described in the Accounting, and Turkey Leg to date has neither paid nor objected to those invoices. (Ex. E).

63. By issuing invoices to Turkey Leg, US Foods intended to establish the balance due at the time of the invoice.

64. As of the date of the Complaint, and pursuant to invoices issued to Turkey Leg, Turkey Leg owes US Foods $1,288,583.12, plus interest and fees. (Ex. E).

65. On September 15, 2022, US Foods sent a letter to Turkey Leg containing a demand for payment in full of all amounts due and owing (Ex. G).

66. However, Turkey Leg did not respond or object to US Foods' demand letter, nor has it made any payments of the outstanding invoices.

67. An account has therefore been stated between US Foods and Turkey Leg in the amount of $1,288,583.12.

68. US Foods is the owner of the account and the principal amount of $1,288,583.12 is justly due US Foods.

**WHEREFORE**, pursuant to the foregoing, Plaintiff respectfully requests:

(i) that judgment be entered in its favor and against Turkey Leg in such amount to be determined at trial, but no less than $1,288,583.12, plus pre- and post-judgment interest, costs and fees; and,

(ii) that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

# COUNT IV
# UNJUST ENRICHMENT – TURKEY LEG
### (In the alternative to Counts II and III)

69. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

70. US Foods supplied non-PACA food and food-related goods and services to Turkey Leg.

71. The parties agreed on the balances of the amounts due and owing for said non-PACA goods and services.

72. US Foods rendered invoices to Turkey Leg for the delivery of said non-PACA goods and services to which Turkey Leg did not object.

73. Turkey Leg accepted delivery of the non-PACA goods and services from US Foods.

74. Turkey Leg unjustifiably failed to pay US Foods the outstanding balance owed. In doing so, Turkey Leg unjustly retained the benefit of the non-PACA goods and services provided by US Foods, without compensating US Foods therefor.

75. US Foods has suffered a detriment in that it has not received compensation for the non-PACA goods and services that it provided to Turkey Leg.

76. Turkey Leg used, sold, or otherwise benefitted from the non-PACA goods and services without paying US Foods in violation of fundamental principles of justice, equity and good conscience.

77. Absent a valid and enforceable contract, US Foods is without remedy to recover the amounts due and owing from Turkey Leg as it relates to the non-PACA food-related goods and services provided by US Foods.

78. The total amount currently due and owing from Turkey Leg for non-PACA goods and services is $1,288,583.12, exclusive of interest, costs and fees. (Ex. E).

**WHEREFORE**, pursuant to the foregoing, Plaintiff respectfully requests:

(i) that judgment be entered in its favor and against Turkey Leg in such amount to be determined at trial, but no less than $1,288,583.12, plus pre- and post-judgment interest, costs and fees; and

(ii) that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

## COUNT V
## BREACH OF GUARANTY - PRICE

79. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 56 above as though fully set forth herein.

80. The Guaranty is a valid and enforceable contract. (Ex. A, at Personal Guaranty).

81. Under the Guaranty, Price personally and unconditionally guaranteed all of Turkey Leg's payment obligations to US Foods. (*Id.*).

82. Price also agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Guaranty. (*Id.*).

83. Price further agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (*Id.*).

84. The Guaranty further provides that US Foods has the right to proceed directly against Price to collect and recover the full amount of the indebtedness.

85. Turkey Leg agreed to abide by the terms of the Turkey Leg Customer Agreement and the invoices under which US Foods supplied food-related goods and services to Turkey Leg.

86. US Foods fully performed its obligations, including supplying all required non-PACA food-related goods and services. Turkey Leg accepted all non-PACA food-related goods and services supplied by US Foods.

87. US Foods submitted invoices to Turkey Leg for the non-PACA goods and services supplied under the Turkey Leg Customer Agreement. (*See* Ex. E). Turkey Leg failed to make timely payment on invoices submitted by US Foods and owes US Foods $1,288,583.12, exclusive of interest, costs, and fees. (*Id*.)

88. US Foods made a demand on Price for payment. (Ex. G). However, Price has not paid the amounts due and owing.

89. Price's failure to pay the amounts due and owing under the Guaranty constitutes a material breach thereof.

90. As a direct and proximate result of Price's breach, US Foods has suffered damages.

91. The total amount currently due and owing from Price under the Guaranty, exclusive of interest, costs, and fees, is $1,288,583.12. (Ex. A, E).

**WHEREFORE**, pursuant to the foregoing, Plaintiff respectfully requests:

(i) that judgment be entered in its favor and against Price in such amount to be determined at trial, but no less than $1,288,583.12, plus pre- and post-judgment interest, costs and fees; and

(ii) that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

**COUNT VI**
**UNLAWFUL DISSIPATION OF TRUST ASSETS BY AN OFFICER - PRICE**

92. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 56 above as though fully set forth herein.

93. At all relevant times, Price was the owner and managing member of Turkey Leg and in a position of control over the PACA trust assets belonging to US Foods.

94. Price failed to direct Turkey Leg to fulfill its statutory duties to preserve the PACA trust assets and pay US Foods for the Produce it supplied.

95. Price's failure to direct Turkey Leg to maintain the PACA trust assets and pay US Foods for the Produce it supplied constitutes an unlawful dissipation of trust assets by an officer.

96. As a result of such unlawful dissipation of trust assets, US Foods has been deprived of its right as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

**WHEREFORE**, pursuant to the foregoing, Plaintiff respectfully requests:

(i) that judgment be entered in its favor and against Price in such amount to be determined at trial, but no less than $85,106.17, plus pre- and post-judgment interest, costs and fees; and

(ii) that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

**JURY DEMANDED**

Dated: December 1, 2022

Respectfully submitted,

US FOODS, INC.

By: */s/ Brian L. Shaw*
 One of its attorneys

Brian L. Shaw
Peter J. Roberts
Corey T. Hickman
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
bshaw@cozen.com
proberts@cozen.com
chickman@cozen.com