IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| US FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 C 6759 |
| | ) | |
| | ) | Judge Ronald A. Guzmán |
| THE TURKEY LEG HUT & COMPANY, LLC, | ) | |
| and NAKIA PRICE, | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer the case to Texas [17] is denied.

### STATEMENT

**Facts**

US Foods, Inc. ("US Foods") is a foodservice distributor to restaurants and other entities across the country. The Turkey Leg Hut & Company, LLC ("Turkey Leg") owns and operates a Texas restaurant, and Nakia Price is the owner and managing member of Turkey Leg. US Foods submitted invoices to Defendants throughout the parties' business relationship detailing the goods sold, the amounts owed, and the payment terms. US Foods alleges that Defendants have failed to pay US Foods $85,106.17 for produce sold to Turkey Leg pursuant to the Perishable Agricultural Commodities Act ("PACA"), as well as approximately $1,288,583.12 for non-PACA food and food-related products and services sold to Turkey Leg, exclusive of interest, costs, and fees. US Foods sues to recover the amounts it is allegedly owed.

On September 17, 2020, Turkey Leg executed a Customer Account Application ("Agreement") under which US Foods agreed to supply Turkey Leg with PACA produce and other non-PACA foods and food-related products and services in exchange for timely payment of invoices. The Agreement contained the following provision:

> Applicant [i.e., Turkey Leg] irrevocably consents and submits to the non-exclusive jurisdiction of any state or federal court located in the State of Illinois in connection with any actions or proceedings arising from, relating to or in connection with Applicant's obligations to Seller or this Application. Applicant waives any right it may have to change the venue of any litigation brought against it by Seller.

(Agreement, Dkt. # 1-1, PageID 18, ¶ 10.)

The Agreement also contained a personal guaranty executed by Price (the "Guaranty"). (Guaranty, Dkt. # 1-1, PageID 19.) The Guaranty includes a similar provision on jurisdiction and venue:

> Guarantor [i.e., Price] irrevocably agrees, and hereby consents and submits to the non-exclusive jurisdiction of any state or federal court located in the state where Sellers' [i.e., US Foods'] operating company which provided this Guaranty is located, without regard to the conflicts of laws provisions thereof . . . with regard to any actions or proceedings arising from, relating to or in connection with the Liabilities, this Guaranty, or any collateral or security therefor. Guarantor hereby waives any right Guarantor may have to transfer or change the venue of any litigation brought against it by Seller and further waives any right to trial by jury.

(*Id.*) US Foods' principal place of business is located at 9399 West Higgins Road, Suite 600, Rosemont, Illinois. (Compl., Dkt. # 1, ¶ 5.)

**Analysis**

Defendants move to dismiss the case for lack of personal jurisdiction and improper venue, or in the alternative, to transfer the case to Texas under 28 U.S.C. § 1404(a). As US Foods notes, however, "objections to both personal jurisdiction and venue may be waived." *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 924 (N.D. Ill. 2017). Turkey Leg "irrevocably consent[ed] and submit[ted] to the non-exclusive jurisdiction of any state or federal court located in the State of Illinois in connection with any actions or proceedings arising from, relating to or in connection with [Turkey Leg's] obligations to [US Foods] or this [Agreement]." Turkey Leg further waived any right "to change the venue of any litigation brought against it by [US Foods]." (Agreement, Dkt. # 1-1, ¶ 8.) As set forth above, the Guaranty contains a nearly identical provision.

Defendants do not mention these provisions in their motion to dismiss and failed to file a reply brief (despite being given an extension of time to do so), so they waive any argument challenging the validity or enforceability of the relevant provisions. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). The Court finds that Defendants consented to this Court's exercise of personal jurisdiction over them and contractually waived any challenge to venue. Accordingly, the motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue is denied.

**Date**: April 27, 2023

*Ronald A. Guzmán*
**Ronald A. Guzmán**
**United States District Judge**