UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| US FOODS, INC., a Delaware corporation, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 22-cv-06759<br>)<br>) |
| THE TURKEY LEG HUT & COMPANY LLC, a Texas limited liability company, and NAKIA PRICE, an individual, | ) Honorable Ronald A. Guzman<br>)<br>) Honorable Magistrate Beth W. Jantz<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS

Plaintiff, US Foods, Inc. ("US Foods"), by and through its undersigned attorneys, pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves for sanctions against Defendants, The Turkey Leg Hut & Company LLC ("Turkey Leg") and Nakia Price ("Price"), and in support thereof, states as follows:

1. This lawsuit arises out of a contractual relationship between US Foods and Turkey Leg, a restaurant in Texas, under which US Foods supplied perishable agricultural commodities pursuant to the Perishable Agricultural Commodities Act ("PACA"), as well as other food and food-related goods and services to Turkey Leg. Turkey Leg has failed to pay US Foods substantial amounts due and owing under PACA and the parties' contract.

2. US Foods served interrogatories, requests for production of documents, and requests to admit to Defendants on May 5, 2023. (Dkt. 32-1).

3. Rules 33, 34, and 36 of the Federal Rules of Civil Procedure provide that answers to interrogatories, responses to requests for production, and answers to requests to admit are due

30 days after service thereof.

4. By agreement of the parties, a joint stipulation was entered to extend the time to answer the parties' respective written discovery and requests to admit from June 5, 2023, to June 19, 2023. (Dkt. 30).

5. Defendants failed to serve answers to US Foods' requests to admit or responses to US Foods' written discovery by June 19, 2023.

6. On June 26, 2023, counsel for US Foods sent a meet and confer correspondence to Defendants' counsel, notifying them that the deadline had passed and requesting that Defendants serve answers to interrogatories and responses to requests for production within 7 days. (*See* Dkt. 32-2).

7. Defendants' counsel did not respond to the letter.

8. On July 18, 2023, counsel for US Foods filed a motion to compel, seeking an order compelling Defendants to serve responses to US Foods' interrogatories and requests for production. (Dkt. 32).

9. The Court denied US Foods' motion to compel without prejudice. (Dkt. 33).

10. At a status conference on July 20, 2023, counsel for Defendants stated in open court that they had inadvertently forgotten to serve the responses to written discovery, but that they would be able to do so by that Friday. Accordingly, the Court entered an Order requiring Defendants to serve discovery responses by July 28, 2023. (Dkt. 34).

11. To date, almost four weeks later, Defendants have failed to serve any written discovery responses or answers to requests to admit.

12. On August 16, 2023, counsel for Plaintiff again emailed Defendants' counsel, asking them to please serve the discovery responses by Monday and inviting them to meet and

confer:

> Per the Court's Order on July 20, 2023 (Dkt. 34), Defendants were to serve responses to US Foods' interrogatories and requests for production by July 28, 2023. We still have not received any responses. Please call me to discuss, and please serve the responses by Monday.

(Exhibit A).

13. Counsel for Defendants did not call Plaintiff's counsel, did not respond to the email, and have not served any discovery responses.

14. The Court's July 20, 2023 Order also asked that Defendants make a settlement offer – which they have promised to Plaintiff's counsel now on three separate occasions – by August 21, 2023. (Dkt. 34).

15. To date, Defendants have not made any settlement offer to Plaintiff.

16. Rule 37(b) of the Federal Rules of Civil Procedure provides that sanctions may be entered where "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," including but not limited to:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

\*\*\*

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order . . .

See FRCP 37(b)(2)(A).

17. The Court may also "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the

3

failure was substantially justified or other circumstances make an award of expenses unjust." FRCP 37(b)(2)(C).

18. Further, Rule 37(d) provides that the court may enter sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *See* FRCP 37(d)(1)(A)(ii). The same sanctions listed in Rule 37(b) are available under Rule 37(d). FRCP 37(d)(3).

19. US Foods has made every effort to seek responses to its discovery from Defendants and to confer with their counsel about Defendants' failure to provide them, to no avail. Despite having received a stipulated extension of time, Defendants failed to respond to US Foods' written discovery or answer US Foods' requests to admit. Defendants then ignored US Foods' meet and confer communication; failed to comply with this Court's Order to serve their responses to discovery by July 28, 2023, despite stating during the status hearing that they would be ready to serve responses by that Friday; and ignored US Foods' subsequent meet and confer communication.

20. At this point, Defendants should be sanctioned for failing to comply with the Federal Rules of Civil Procedure and this Court's July 20, 2023 Order.

21. US Foods seeks sanctions under Rule 37 in the form of: (1) a default judgment in its favor and against Defendants, or alternatively, an Order striking Defendants' Answer to the Complaint and barring Defendants from presenting evidence at trial to support any defenses raised in their Answer; (2) an Order deeming all of US Foods' requests to admit facts admitted; and (3) an Order granting US Foods its attorneys' fees and costs in bringing this Motion.

22. Plaintiff has met all applicable meet and confer requirements, having sent multiple Rule 37 communications to Defendants' counsel including requests to orally discuss, filing a

motion to compel, and conferring in Court on July 20, 2023 resulting in a Court Order to serve discovery responses. Further efforts would be futile.

**WHEREFORE**, for the foregoing reasons, Plaintiff, US Foods, respectfully requests that the Court grant its Motion for Sanctions and enter an Order: (1) granting a default judgment in favor of US Foods and against Defendants, or alternatively, striking Defendants' Answer and barring Defendants from presenting evidence at trial to support any defenses raised in their Answer; (2) deeming US Foods' requests to admit facts admitted; (3) granting US Foods its fees and costs in bringing the instant Motion; and (4) granting US Foods such other and further relief that the Court deems just and equitable.

Dated: August 23, 2023.

Respectfully submitted,

US FOODS, INC.

By: */s/ Brian L. Shaw*
     One of its attorneys

Brian L. Shaw
Peter J. Roberts
Corey T. Hickman
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
bshaw@cozen.com
proberts@cozen.com
chickman@cozen.com