UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| US FOODS, INC., a Delaware corporation, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-cv-06759 |
| THE TURKEY LEG HUT & COMPANY LLC, a Texas limited liability company, and NAKIA PRICE, an individual, | ) Honorable John Robert Blakey |
| Defendants. | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT ON COUNTS V AND VI
OF THE COMPLAINT DIRECTED AGAINST NAKIA PRICE**

Plaintiff, US Foods, Inc. ("US Foods"), by its undersigned counsel, submits its Reply Memorandum in further support of its Motion for Summary Judgment on Counts V and VI of the Complaint Directed Against Defendant Nakia Price ("Price").

I. **Defendant Nakia Price Has Failed to Appear Through New Counsel or File a Response to US Foods' Motion, Thereby Admitting the Material Facts Asserted by US Foods**

Defendant Price's prior attorney, John L. Green, filed an amended motion to withdraw as counsel on October 15, 2024, which was granted on October 25, 2024. (Dkt. 73, 79). US Foods filed its motion for summary judgment and Rule 56.1(a)(2) statement of material facts on October 16, 2024. (Dkt. 74-76). In granting Price's prior attorney's motion to withdraw, the Court noted that "[Nakia] Price appeared telephonically and stated that she will hire a new attorney on 10/25/2024," and ordered that her "new counsel shall file their appearance on or before 11/1/2024. If for any reason counsel cannot file an appearance, Ms. Price shall immediately email the

Courtroom Deputy as well as Plaintiff's counsel to set briefing on the motion for summary judgment and for a new hearing date." (Dkt. 79).

Defendant Price did not hire a new attorney, did not have an appearance filed on her behalf, did not contact the Courtroom Deputy, and did not contact US Foods. As a result, the Court entered an Order on November 8, 2024, stating:

> At a motion hearing on 10/25/24, Defendant Price appeared and indicated that she anticipated hiring a new attorney immediately. Based upon her representation, the Court granted her current attorney's motion to withdraw. Yet, to date, no new attorney has appeared on her behalf; nor has Ms. Price reached out to the Courtroom Deputy as ordered. Defendant Price shall respond to Plaintiff's motion for summary judgment by 12/20/24; this is a generous date, intended to give Ms. Price additional time to secure new counsel. Plaintiff shall file any reply by 1/6/25.

(Dkt. 80). Counsel for US Foods mailed a copy of the Court's November 8, 2024 Order to three different addresses for Price, including the address at which she was served with process, and also emailed a copy to her prior counsel, John L. Green, and requested that he forward it to Price.

To date, Price has not appeared in this case through new counsel and has not filed a response to US Foods' motion for summary judgment or a response to US Foods' Rule 56.1(a)(2) statement of material facts.

Local Rule 56.1(e) provides that a nonmovant's failure to controvert a fact asserted in the movant's Rule 56.1(a)(2) statement of material results in that fact being deemed admitted. Courts in this District have made clear time and time again that where a nonmovant "fail[s] to file any Local Rule 56.1(b)(3)(B) responses, the facts set forth in [the movant's] Statement of Facts are deemed admitted." *Hanover Ins. Co. v. House Call Physicians of Illinois*, 15 C 3684, 2016 WL 1588507, at *2 (N.D. Ill. Apr. 19, 2016) (citations omitted); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."); *Beausoleil v. Three Paws, Inc.*, 22 C 2930,

2024 WL 2292881, at *1 (N.D. Ill. May 21, 2024) ("The following facts are taken from Plaintiffs' Local Rule 56.1(a)(2) Statement of Uncontested Facts, which are treated as having been admitted because Defendants did not file a response under Local Rule 56.1(b)(2)."); *Kline v. United Airlines, Inc*., 19 C 5291, 2024 WL 3594643, at *1 (N.D. Ill. July 31, 2024) ("Assertions of fact that are not controverted by the opposing party with evidence are deemed admitted."); *Fermaint v. Planet Home Lending, LLC*, 18 C 07325, 2023 WL 5227381, at *1 (N.D. Ill. Aug. 15, 2023) ("In constructing this factual background, the Court applies the requirements of Local Rule 56.1 . . . [W]here assertions, even unsupported, are not disputed, 'the Court treats them as though they are admissions for purposes of Fed. R. Civ. P. 56(c)(1)(A).'") (citations omitted).

Price has failed to file a response to US Foods' motion for summary judgment or a response to US Foods' Rule 56.1(a)(2) statement of material facts. All of those facts are thus deemed admitted for purposes of US Foods' motion for summary judgment. As set forth below, the uncontroverted, admitted facts entitle US Foods to summary judgment on Counts V and VI of the Complaint.

**II.    US Foods Has Put Forth Uncontroverted Evidence Entitling it to Summary Judgment on Counts V and VI of the Complaint**

All of the facts set forth in US Foods' Rule 56.1(a)(2) statement of material facts ("SOF") are deemed admitted. Those admitted facts provide evidence supporting each element of US Foods' claims against Price, entitling US Foods to summary judgment on Counts V and VI of the Complaint. *See* Fed. R. Civ. P 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

3

        **A.**     **US Foods Should Be Granted Summary Judgment on Count V of the Complaint for Breach of the Personal Guaranty Executed by Price**

The Customer Account Application (the "Agreement") and the personal guaranty executed by Price therein (the "Guaranty") are governed by Delaware law. (SOF, ¶¶ 4, 11). A guaranty is "a separate contract involving duties and responsibilities apart from those underlying the contract to which the guaranty is collateral." *Fanatics Retail Group (Dreams), LLC v. Truax*, CV 20-0794 (MN), 2020 WL 7042873, at *2 (D. Del. Dec. 1, 2020). Where there is an unconditional guaranty, "there is no limitation on the right of the creditor to bring an action directly against the guarantor when the principal commits a default." *Id.* (citations omitted). To recover on a claim for breach of guaranty, a plaintiff must prove: "(1) an absolute and unconditional guaranty; (2) the underlying debt; and (3) the guarantor's failure to perform under the guaranty." *Fanatics*, 2020 WL 7042873 at *3 (citations omitted).

The following facts, which are deemed admitted by Price's failure to respond, establish the elements of US Foods' breach of guaranty claim. Defendant The Turkey Leg Hut, Inc. ("Turkey Leg") executed the Agreement, under which US Foods agreed to supply Turkey Leg with Produce pursuant to the Perishable Agricultural Commodities Act ("PACA"), as well as other non-PACA foods and food-related products and services, in exchange for the timely payment of invoices. (SOF, ¶ 1). The Agreement was signed by Turkey Leg's owner and principal, Defendant Price. (*Id.*, ¶ 2). Turkey Leg agreed therein to be bound by the terms of the Agreement, invoices, and other documents furnished by US Foods, and to pay all charges set forth on each invoice pursuant to the credit terms on the invoices. (SOF, ¶ 3). Turkey Leg agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Agreement. (*Id.*, ¶ 5). Turkey Leg also agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (*Id.*, ¶ 6).

The Agreement included the Guaranty, executed by Price. (SOF, ¶ 7). The Guaranty was unconditional, providing, in relevant part, that Price:

> hereby **personally and unconditionally guaranties the payment by [Turkey Leg] to [US Foods] of all amounts due and owing now**, and from time to time hereafter ("Liabilities"), from [Turkey Leg] to [US Foods]. Guarantor expressly waives notice from [US Foods] of . . .default by [Turkey Leg]. **The obligations of Guarantor hereunder shall not be affected, excused, modified, or impaired upon the happening, from time to time, of any event**. No set-off, counter-claim or reduction of any obligation, or any defense of any kind or nature which Guarantor has or may have against [Turkey Leg] or [US Foods] shall be available hereunder to Guarantor against Sellers. **In the event of a default by [Turkey Leg] on its obligations to [US Foods], [US Foods] may proceed directly to enforce their rights hereunder and shall have the right to proceed first against Guarantor, without proceeding with or exhausting any other remedies it may have**.

(SOF, ¶ 9) (emphasis added). Price agreed to pay 1.5% interest per month on all amounts owed under the Guaranty, and to pay all costs, expenses and fees, including reasonable attorneys' fees and expenses, incurred by US Foods in enforcing the Guaranty. (*Id.*, ¶ 10).

From May 6, 2022 through September 6, 2022, Turkey Leg ordered, and US Foods sold, shipped, and delivered Produce as well as other non-PACA foods and food-related products and services, to Turkey Leg. (SOF, ¶ 12). In connection with these transactions, US Foods submitted invoices detailing the Produce and other non-PACA foods and food-related products and services sold, amounts owed, and the payment terms (*Id.*, ¶ 13). All Produce and non-PACA foods and food-related products and services ordered by Turkey Leg from May 2022 through September 2022 were delivered by US Foods and received by Turkey Leg. (*Id.*, ¶ 15).

Pursuant to the Agreement, Turkey Leg ordered from US Foods and failed to pay for Produce in the amount of $82,548.07, and Turkey Leg also ordered from US Foods and failed to pay for non-PACA foods and food-related products and services in the amount of $913,937.77. (SOF, ¶¶ 16, 19, 20-23). Interest is owed on the amounts owed by Turkey Leg and Price in the

amount of $343,787.61 (SOF, ¶ 24). Neither Turkey Leg nor Price has paid the amounts due and owing to US Foods. (SOF, ¶¶ 16, 19, 20, 23, 25).

US Foods has therefore provided uncontroverted, admitted evidence that: (1) Price signed an absolute and unconditional Guaranty; (2) the underlying debt owed by Turkey Leg pursuant to the Agreement, and owed by Price pursuant to the Guaranty, totals $1,340,273.45; and (3) Price has failed to pay US Foods the amounts owed pursuant to the Guaranty. US Foods has established all of the required elements and should therefore be granted summary judgment on Count V of the Complaint.

### B. US Foods Should Be Granted Summary Judgment on Count VI of the Complaint for Unlawful Dissipation of Trust Assets by Price

A "PACA Trust arises automatically by operation of law once the buyer accepts the produce from the seller in an interstate commerce transaction." *Epic Fresh Produce, LLC v. Olympic Wholesale Produce, Inc.*, 17-CV-8381, 2017 WL 6059971, at *4 (N.D. Ill. Dec. 7, 2017). Defendant Turkey Leg was a buyer of produce "subject to the PACA Trust provisions [and was] required to maintain trust assets so that they are available to satisfy outstanding obligations to produce sellers." *Id.* (citing 7 U.S.C. § 499b(4)). "[A]ny act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of [the PACA]." *Id.* (citing 7 C.F.R. § 46.46(d)(1)). "Dissipation" is defined to include "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers to recover money owed in connection with produce transactions." *Id.* at *8. "Failure to pay promptly is itself a violation of the PACA," and failure to pay also "indicates . . . fail[ure] to maintain the PACA Trust assets." *Id.* (citing 7 U.S.C. § 499b(4)). PACA permits a plaintiff to "recover against both a corporation and its controlling officers." *Epic Fresh Produce, LLC*, 2017 WL 6059971 at *9 (citations omitted).

6

The following facts, which are deemed admitted by Price's failure to respond, establish the elements of US Foods' unlawful dissipation of PACA trust assets claim. Turkey Leg executed the Agreement, under which US Foods agreed to supply Turkey Leg with Produce pursuant to PACA, in exchange for the timely payment of invoices. (SOF, ¶ 1). The Agreement was signed by Turkey Leg's owner and principal, Nakia Price. (*Id.*, ¶ 2). Turkey Leg agreed to be bound by the terms of the Agreement, invoices, and other documents furnished by US Foods, and to pay all charges set forth on each invoice pursuant to the credit terms on the invoices. (SOF, ¶ 3).

From May 6, 2022 through September 6, 2022, Turkey Leg ordered, and US Foods sold, shipped, and delivered Produce to Turkey Leg. (SOF, ¶ 12). In connection with these transactions, US Foods submitted invoices detailing the Produce sold, amounts owed, and the payment terms. (*Id.*, ¶ 13). All Produce ordered by Turkey Leg from May 2022 through September 2022 was delivered by US Foods and received by Turkey Leg. (*Id.*, ¶ 15).

Turkey Leg has failed to pay US Foods $82,548.07 for Produce sold. (SOF, ¶ 16). In accordance with § 499e(c)(4) of PACA, the invoices for Produce sold to Turkey Leg contained the following required language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

(*Id.*, ¶ 17). On June 30, 2022, US Foods sent to Defendants its *Notice of Intent to Preserve and Enforce Trust Benefits Under the Perishable Agricultural Commodities* (the "PACA Notice"), pursuant to which US Foods (i) notified Defendants of their intent to preserve trust benefits under

PACA on account of unpaid invoices for the Produce; and (ii) notified Defendants of the defaults under the Agreement for failure to timely pay invoices and demanded payment in full of all amounts due and owing. (*Id.*, ¶ 18). Defendants did not respond to US Foods' PACA Notice, nor have Defendants made payments of the amounts due and owing. (*Id.*, ¶ 19).

US Foods has therefore provided uncontroverted, admitted evidence to establish that it is the beneficiary of a PACA trust in the amount of $82,548.07, that Defendants have not paid those amounts to US Foods, and that Price was the principal and owner of Turkey Leg and therefore responsible for ensuring that the PACA trust assets were not dissipated. By virtue of Defendants' failure to pay US Foods following their receipt of the PACA Notice, US Foods has established that Turkey Leg's principal, Price, has dissipated and failed to preserve the PACA trust assets. US Foods should therefore be granted summary judgment on Count VI.

### III. Conclusion

For the foregoing reasons, as well as those set forth in US Foods' opening brief, Plaintiff, US Foods, Inc., requests that the Court grant summary judgment in its favor on Counts V and VI of the Complaint directed against Nakia Price, and grant US Foods such other and further relief that the Court deems equitable and just.

Dated: January 6, 2025

Respectfully Submitted,

**US FOODS, INC.**

*/s/ Brian L. Shaw*

Brian L. Shaw (bshaw@cozen.com)
Peter J. Roberts (proberts@cozen.com)
Corey T. Hickman (chickman@cozen.com)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify all counsel of record, as well as sent a copy to the following persons by mail and/or email:

Nakia Price
4830 Almeda Road, Houston, TX 77004
7006 Brewster Ln., Missouri City, TX 77459
2402 Britton Ridge Dr., Katy, TX 77494


John L. Green (Price's former counsel)
jlgreen488@aol.com


*/s/ Brian L. Shaw*

LEGAL\74821103\1